IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN GARCIA, # R-58170, )<br>)<br>         **Plaintiff,** )<br>)<br>vs. )<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>DR. TROST, MOLDENHAUER, )<br>AIMEE LANG, DR. GARCIA, and )<br>DR. SHEARING, )<br>)<br>         **Defendants.** ) | Case No. 15-cv-1369-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

    Plaintiff Juan Garcia, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants denied him adequate medical treatment for growths and cysts on his testicles, which caused him significant pain and suffering over the course of at least a year. Plaintiff seeks monetary damages.

    The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

In 2007, Plaintiff became aware of two cysts on his testicles. (Doc. 1, p. 17). Over the next several years, the cysts caused him intermittent pain. *Id.* In 2013, Plaintiff's condition worsened, and the pain from the testicular growths caused him significant pain and discomfort, particularly with urination, on an ongoing and persistent basis. *Id*. at 17. In addition to pain with urination, the cysts made it difficult for Plaintiff to sleep, walk, and participate in daily activities. *Id*. at 9. In October 2013, Plaintiff reported to Defendant Shearing (a medical doctor) that the pain was a 9 on a scale of 1-10. *Id*. at 16.

The complaint recounts Plaintiff's various and ongoing attempts to secure proper medical treatment from Defendants Trost, Moldenhauer, Lang, Garcia, and Shearing – all medical professionals – over a prolonged period of time.[1] *Id*. at 9-16. Plaintiff repeatedly requested

---

[1] In his statement of claim, Plaintiff focuses primarily on his attempts to secure treatment during August to November 2013. However, it is clear from a grievance officer's report attached to the complaint that Plaintiff continued to complain about testicular pain through at least October 2014. *Id*. at 22.

Page **2** of **7**

further medical testing, a referral to an outside specialist, and pain medication, but Defendants denied each of his requests. *Id*. Plaintiff alleges that the medical Defendants denied his requests because Defendant Wexford Health Sources, Inc. ("Wexford"), the private corporation that contracts with the Illinois Department of Corrections to provide medical care to Illinois inmates, maintains policies that prioritize cost above patient care. *Id*. at 6.

## Discussion

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable claim under the Eighth Amendment for deliberate indifference to a serious medical need. Plaintiff may proceed on his claim for monetary damages against each Defendant, in his or her individual capacity.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish an Eighth Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). Moreover, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)

(quoting *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010)). Here, Plaintiff alleges that he had two cysts on his testicles that caused him significant pain and discomfort over several months. These allegations meet the threshold requirement for a "serious" medical condition. The question, then, is whether the Defendants acted with deliberate indifference.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett*, 658 F.3d 742, 753 (7th Cir. 2011). *See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). But, to be held liable, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff alleges that he personally made Defendants Trost, Moldenhauer, Lang, Garcia, and Shearing aware of his painful medical condition and repeatedly requested appropriate treatment and medication to manage his pain, but they each failed to adequately address his condition, thereby prolonging his pain and suffering. These allegations are sufficient to state an actionable Eighth Amendment deliberate indifference claim against Defendants Trost, Moldenhauer, Lang, Garcia, and Shearing.

Likewise, Plaintiff asserts that Defendant Wexford should be held liable because Wexford maintains a policy that places cost considerations above patient care, and that this policy caused the other Defendants to violate Plaintiff's constitutional right to adequate medical

care. Defendant Wexford may be held liable for the promulgation of a policy or practice, if the policy or practice caused the underlying constitutional violation, as alleged here. *See Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015); *see also Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). As such, Plaintiff may also proceed on his Eighth Amendment deliberate indifference claim against Defendant Wexford.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment medical care claim against Defendants **TROST, MOLDENHAUER, LANG, GARCIA, SHEARING,** and **WEXFORD HEALTH SOURCES, INC**.

The Clerk of Court shall prepare for Defendants **TROST, MOLDENHAUER, LANG, GARCIA, SHEARING,** and **WEXFORD HEALTH SOURCES, INC**.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2016**

s/ <u>**MICHAEL J. REAGAN**</u>
**Chief Judge,**
**United States District Court**
